UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY HAMILTON,<br><br>Petitioner,<br><br>-against-<br><br>BRITE ADVISORS USA, INC. F/K/A/ DEVERE USA, INC.,<br><br>Respondent. | **Index No.**<br><br>**<u>PETITION TO CONFIRM INTERIM ARBITRATION AWARDS PURSUANT TO 9 U.S.C. § 9</u>** |

## PRELIMINARY STATEMENT

Petitioner Bradley Hamilton, by his attorneys Kaplan Landau PLLC, for his Petition to confirm Interim Arbitration Awards pursuant to 9 U.S.C. § 9, alleges as follows:

1. Petitioner Bradley Hamilton ("Hamilton" or "Petitioner"), seeks an order pursuant to 9 U.S.C. § 9 (1) confirming and enforcing the Interim Consent Award dated April 3, 2019 (the "First Interim Consent Award") issued in *Bradley Hamilton v. deVere USA, Inc.* (JAMS Arbitration #1425027754) (the "Arbitration") against Brite Advisors USA, Inc. (formerly known as deVere USA, Inc. and herein referred to as "Brite" or "Respondent"); (2) confirming and enforcing the Second Interim Consent Award dated October 24, 2019, as agreed to by the Petitioner and Respondent; (3) directing Respondent to pay the outstanding fees and expenses due the Arbitrator; and (4) granting judgment in Petitioner's favor, [redacted]

[REDACTED]

2. As noted in detail below, Caroline M. Antonacci, Esq., sitting as Arbitrator, entered the First Interim Consent Award in Petitioner's favor pursuant to the parties' [REDACTED] A true and correct copy of the First Interim Consent Award, dated April 3, 2019, is attached as Exhibit A to the Declaration of Amanda Grannis (the "Grannis Declaration"), dated December 24, 2019. A true and correct copy of [REDACTED] is annexed as Exhibit B to the Grannis Declaration.

3. The parties subsequently consented to a Second Interim Consent Award ("Second Interim Consent Award") dated October 24, 2019, in the form approved by the Arbitrator at an in-person conference. A true and correct copy of the Second Interim Consent Award dated October 24, 2019 signed on behalf of each of the parties is attached as Exhibit C to the Grannis Declaration. JAMS, however, has not released the copy which, upon information and belief was executed by the Arbitrator, because Respondent has refused to pay the JAMS fees which it is obligated to do under the [REDACTED] and Employment Agreement.

**THE PARTIES**

1. Petitioner Bradley Hamilton is a citizen of the United Kingdom and currently resides in New York, New York, but has not been admitted for permanent residence.

2. Upon information and belief, Respondent Brite is a Florida corporation with its principal place of business at 115 Broadway, New York, New York 10006.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

4. The parties consented to the personal jurisdiction of this Court pursuant to paragraph 18.2 the parties' Employment Agreement dated August 5, 2013 (the "Employment Agreement") and paragraph 2 of Schedule 4 of the Employment Agreement. Exhibit D at pages 23 and 13.

5. Venue is proper under 28 U.S.C. § 1391, in that Brite is a resident of New York, New York.

6 Venue is also proper pursuant paragraph 2 of Schedule 4 the Employment Agreement, *id.*, as the parties agreed that "[a]ny judicial proceedings relating to the arbitrations conducted pursuant to this Agreement shall be heard and determined by the United States District Court for the Southern District of New York." *See also* Exhibit D at ¶ 18.2 and at page 23 at ¶ 2.

## STATEMENT OF FACTS

**The Relevant Contract Provisions.**

7. Brite, along with its affiliates and parent companies, provides financial consulting services to clients and investors in the United States and abroad.

8. Hamilton was hired by Respondent as an investment advisor in its New York Office and was employed by Respondent until about March 2017.

9. Hamilton and Brite entered into the Employment Agreement on or about August 5, 2013. Exhibit D.

10. Paragraph 15.1 of the Employment Agreement provides that "[Respondent] and [Petitioner] agree that all disputes between them shall be resolved by arbitration, in accordance with the separate Arbitration Agreement attached as Schedule 4 to this Agreement, except to the extent that the Arbitration Agreement provides otherwise." *Id.* at ¶ 15.1.

11. The Arbitration Agreement between the parties is set forth in Schedule 4 of the Employment Agreement. *Id.* at 19. The Arbitration Agreement between Petitioner and Respondent provides "[t]he claims subject to arbitration include, but are not limited to: claims by either party for compensation or monies due from the other party." *Id.* at ¶ 1(a).

12. Paragraph 5.2 of the Employment Agreement provides as follows:

> The Company shall indemnify, defend, and hold harmless the Employee, to the fullest extent permitted by applicable law, from and against any damages or liabilities, including reasonable attorney's fees, that the Employee may individually sustain by reason of serving as an employee, director, or officer of the Company. Provided, however, that the Employee shall not be indemnified for damages or liabilities to the extent the Employee receives the proceeds of insurance covering the same, or is otherwise reimbursed through some other source, nor will the Employee be indemnified for damages or liabilities caused by the Employee's own acts or omissions found to be malicious or in reckless disregard of the rights, safety or property of others. Separate counsel, reasonably acceptable to the Employee, shall be provided the Employee where joint representation would or might create a conflict of interest. The Employee agrees to cooperate with the Company's counsel in any legal proceeding, or in connection with any claim, where this obligation is or may be applicable.

*Id.* at ¶ 5.2.

**The SEC Investigation and SEC Action.**

1. In or about late 2014, the U.S. Securities and Exchange Commission ("SEC") began an audit of Respondent and subsequently conducted a formal investigation (the "SEC Investigation").

2. The SEC commenced the related action entitled *SEC v. Benjamin Alderson and Bradley Hamilton*, Index No: 18-cv-04930, S.D.N.Y. (VEC) (the "SEC Action") against Hamilton and co-defendant Benjamin Alderson ("Alderson") on or about June 4, 2018. A true and correct copy of the Complaint dated June 4, 2018, is attached to the Grannis Declaration as Exhibit E.

3. In the Complaint, the SEC alleged, among other things, claims against Hamilton and Alderson for violation of Section 206(1) of the Investment Advisors Act of 1940 ("IAA") (First Claim For Relief); violation of Section 206(2) of the IAA (Second Claim For Relief); and (3) in the alternative, for aiding and abetting Respondent's Violations of Section 206(1) and 206(2) of the IAA (Third Claim For Relief). Exhibit E.

4. The SEC Action against Hamilton and Alderson is ongoing, and fact discovery is scheduled to conclude on or before February 28, 2020.

**The Arbitration and Interim Awards.**

5. Pursuant to the terms of the parties' Employment Agreement, including Paragraph 5.2, Petitioner commenced an arbitration and sought to compel Respondent to pay for his defense costs, including reasonable attorneys' fees, that Petitioner incurred as a result of the SEC Investigation and SEC Action. Respondent, however, refused to abide by its obligations under the Employment Agreement.

6. As a result of Respondent's refusal to pay, Petitioner, through the undersigned counsel, commenced the Arbitration on or about October 1, 2018. Petitioner sought an interim consent award for advancement of his attorneys' fees and expenses, and payment of attorneys' fees already incurred, pursuant to Paragraph 5.2 of the Employment Agreement.

7. Additionally, Petitioner sought the advancement and payment of legal fees and expenses that resulted from the Arbitration.

8. Caroline Antonacci, Esq. was appointed as arbitrator and the Arbitration was captioned as *Bradley Hamilton v. deVere USA, Inc.* (JAMS Arbitration #1425027754). The arbitration was held under the auspices of JAMS and took place in New York, New York.

9. 

10. On or about April 3, 2019, Arbitrator Antonacci so-ordered the First Interim Consent Award pursuant to [redacted], Exhibit A, and retained jurisdiction to enforce its terms.

11. The First Interim Consent Award was delivered to the parties via email on April 4, 2019.

**Respondent's Continuing Default.**

12. Respondent has defaulted on its obligations under the [redacted]

13. On October 24, 2019, the parties appeared for an in-person conference before Arbitrator Antonacci at the JAMS offices in order to resolve Respondent's ongoing breaches of [redacted] and of its obligations under the First Interim Consent Award.

14. At the conference with the Arbitrator, the parties agreed to a Second Interim Consent Award dated October 24, 2019, the form of which was approved by the Arbitrator. Exhibit C. [redacted]

15. While the Second Interim Consent Award was executed on behalf of both parties in a form approved by the Arbitrator, JAMS has not released the copy, which upon information and belief, was executed by the Arbitrator, because [redacted]

16. Respondent has continued to breach its obligations under the [redacted]

[redacted]

17. In addition, there are presently outstanding additional invoices dated October 29, 2019, November 19, 2019 and December 19, 2019. Exhibit G. [redacted]

18. In addition, Respondent owes a total of $14,396.10 in [redacted] and expenses incurred in connection with the Arbitration as reflected in invoices plus a $6,000 reimbursement to the Petitioner for amounts he has paid on or about July 2019.

19. [redacted]

20. The First Interim Consent Award dated April 3, 2019, the Second Interim Consent Award dated October 24, 2019 [redacted] should be enforced pursuant to 9 U.S.C. § 9. The Interim Awards were not a product of fraud, partiality, corruption or undue means, and are not subject to any of the grounds for vacatur under 9 U.S.C. § 10.

21. This Court should grant judgment in Petitioner's favor, [redacted]

[redacted]

22. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Petitioner prays that this Court issue an Order;

1. Confirming and enforcing the First Interim Consent Award dated April 3, 2019, the Second Interim Consent Award dated October 24, 2019 [redacted] referenced and incorporated therein;

2. Granting Judgment in favor of Petitioner, and against Respondent, [redacted]

3. Directing Respondent to pay the outstanding fees and expenses due to the Arbitrator; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 30, 2019

Respectfully submitted,

KAPLAN LANDAU PLLC

By:______________________
Mark Landau
Amanda Grannis
Carnegie Hall Tower
152 West 57th Street, 8th Floor
New York, New York 10019
Tel. No. (212) 593-1700
mlandau@kaplanlandau.com
agrannis@kaplanlandau.com

*Attorneys for Petitioner Bradley Hamilton*