**KAPLAN LANDAU**PLLC

ATTORNEYS AT LAW

**CARNEGIE HALL TOWER**
152 WEST 57TH STREET
NEW YORK, NEW YORK 10019
(212) 593-1700
WWW.KAPLANLANDAU.COM

February 18, 2020

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2201
New York, New York 10007

       Re: <u>Bradley Hamilton v. Brite Advisors USA, Inc. f/k/a deVere USA, Inc.,</u>
           <u>No. 20-cv-00085-PAE</u>

Dear Judge Engelmayer,

      Bradley Hamilton ("Petitioner") respectfully submits this letter motion in support of his request to file Exhibits C and D to the February 18, 2020 Declaration of Mark Landau under seal for *in camera* review. Exhibit C consists of true and correct copies of invoices dated January 16, 2020 and February 14, 2020, which reflect attorneys' fees and costs due and owing for work and expenses in the action entitled *Securities and Exchange Commission v. Benjamin Alderson and Bradley Hamilton*, No. 18-cv-4930 (the "SEC Action"). Exhibit D consists of true and correct copies of invoices dated February 3, 2020 and February 14, 2020, which reflect attorneys' fees and costs due and owing in the arbitration entitled *Bradley Hamilton v. deVere USA, Inc.* (JAMS Arbitration No. 1425027754) (the "Arbitration"). We have conferred with counsel for Brite Advisors USA, Inc. f/k/a deVere USA, Inc. ("Respondent") and there is no objection to the relief requested herein.

      Both Exhibits C and D are subject to the parties' Confidentiality Agreement dated February 22, 2019 (the "Confidentiality Agreement"), which is incorporated in the Settlement dated February 26, 2019. A true and correct copy of the Confidentiality Agreement is annexed hereto; a true and correct copy of the Settlement Agreement is attached as Exhibit D to my Declaration dated December 24, 2019. The parties' Confidentiality Agreement protects Exhibits C and D from being publicly filed. As provided in the Confidentiality Agreement, the invoices that comprise Exhibits C and D may not be "furnished, shown, or disclosed" to anyone beyond the Respondent's specified representatives, counsel, the arbitrator, or other person so designated by the arbitrator or the Court. *See* Confidentiality Agreement at 1-2.

**KAPLAN LANDAU**PLLC

The Honorable Paul A. Engelmayer
February 18, 2020
Page 2

Furthermore, Petitioner requests that the Court grant leave to file Exhibit C under seal because publicly filing the invoices would unavoidably give Plaintiff Securities and Exchange Commission ("SEC") insight into Petitioner's underlying defense strategy. Granting leave to file Exhibit C under seal based on this reasoning is consistent with precedent that requires this Court to balance the public right of access with competing private interests. *See Burns v. Nagy*, No. 16 CV 782 (VB), 2019 WL 2409737, at *1 (S.D.N.Y. June 7, 2019) ("The weight to be given the presumption of access depends on where the information falls on a continuum of matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance…the Court balances the presumption against competing considerations…Such considerations may include, for example…judicial efficiency and the privacy interests of those resisting disclosure.") (*citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)) (internal quotations omitted). On the balance, Petitioner's interest in mounting in an adequate defense in the SEC Action outweighs the need to place Exhibits D in public view, as well. Petitioner has a compelling interest in having this Exhibit filed under seal, as publicly filing invoices that reveal his counsel's overarching case strategies will undoubtedly disadvantage him in both the ongoing SEC Action and this Action. The particular work performed by Petitioner's counsel in the SEC Action, however, is not at issue in the above-captioned action, which is instead concerned with the Court's confirmation of the Interim Arbitration awards pursuant to 9 U.S.C § 9 and enforcement of the parties' Settlement Agreement.

Additionally, Petitioner's request for leave to file under seal is narrowly tailored, as it is limited to Exhibits C and D. Because Petitioner's Reply Memorandum and its remaining exhibits will be publicly filed, the public will have sufficient access to the proceeding and the core issues implicated in the parties' dispute. *See id.* ("Even if there is a First Amendment right of access to a judicial document, the document may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (internal citations omitted).

Based on the aforementioned reasons, Petitioner Bradley Hamilton respectfully requests that the Court grant leave to file Exhibits C and D to the February 18, 2020 Declaration of Mark Landau under seal.

Respectfully submitted,

Amanda Grannis

cc: Counsel of Record (via ECF)

Out of respect for petitioner's legitimate interest in confidentiality as to defense strategy in the SEC Action, the Court grants petitioner's request to file Exhibit C, which documents legal work performed in connection with that action, under seal. The Court, however, denies the request also to file Exhibit D under seal, as that exhibit reflects legal fees incurred in *this* case. Exhibit D is thus relevant to this action and presents little risk of revealing potential defense strategies for the SEC Action, and any such risk is outweighed by the public interest in having access to information. Further, the time entries at issue are sparsely worded, and do not reveal counsel's strategy. Although both exhibits may fall within the scope of the parties' confidentiality agreement, the Court is not bound by such an agreement.

Accordingly, petitioner is to file Exhibits A, B, and D on the public docket by tomorrow, February 20, 2020.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 19, 2020